# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation,

        Plaintiff,

vs.

COOLIDGE 135, LLC, a Nevada limited liability company; JULI KOENTOPP,

        Defendants.

2:12-cv-01680-GMN-VCF

**REPORT AND RECOMMENDATION**

    Before the court is Plaintiff's Application for Entry of Default Judgment (#45).  To date, no opposition has been filed.

**Background:**

    On September 24, 2012, Plaintiff filed a Complaint against Defendants, asserting claims of deficiency, breach of guarantees, and breach of covenant of good faith and fair dealing. (#1).  Plaintiff's causes of action arise out of a series of loan transactions originating with a loan from Colonial Bank, N.A., to Defendant Coolidge 135, LLC, secured by commercial property in Arizona, and for which Defendants Koentopp and Shultis later served as Guarantors.  *Id.* Plaintiff alleges a claim for Deficiency against Defendant Coolidge 135, LLC as Borrower, and a claim for Breach of Guarantees against Defendants Koentopp and Shultis as Guarantors ("Guarantor Defendants"). *Id.* Plaintiff also alleges a claim for Breach of the Covenant of Good Faith and Fair Dealing against all Defendants. *Id.*  On December 5, 2013, Defendants' Motion to Dismiss was granted and Plaintiff's Complaint was dismissed. (#31). Plaintiff was given leave to file an amended complaint.  Plaintiff filed the Amended Complaint on December 20, 2013.

(#35).  On August 12, 2014, Plaintiff filed a Notice of Dismissal of Defendant Juli Koentopp.  (#38).  The court held a status conference on August 22, 2014 and counsel for Plaintiff advised the court that he will file a motion for default judgment against Defendant Coolidge 135, LLC.  (#40).  On September 5, 2014, Plaintiff filed its Motion for Entry of Clerks Default Against Coolidge 135, LLC.  (#42).  Clerk's entry of default as to Coolidge 135, LLC was entered on September 8, 2014 (#8).  Plaintiff filed its Application for Entry of Default Judgment (#45) on September 10, 2014.

**Analysis**

To succeed on a breach of contract claim, Branch Banking and Trust Company must establish (1) the existence of a valid contract; (2) breach by the defendant; and (3) damage as a result of the breach. *Saini v. Int'l Game Tech*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006) (*citing Richardson v. Jo*nes, 1 Nev. 405 (1865)).  Branch Banking and Trust Company has asserted a valid claim for breach of contract against Coolidge. Coolidge has defaulted on the note by failing to pay the required payment when the Note matured on June 12, 2010.

Here, the Court after reviewing Plaintiff's Application for Entry of Default Judgment (#45) and the Sheriff's Certificate of Sale (#45-2), finds that after providing Coolidge with credit in the amount of $575,000.00, which is the Fair Market Value of the property at the time of sale on July 19, 2012, the total amount due and owing on the Loan Documents on July 20, 2012 was $4,739,129.02, with interest accruing in the amount of $657.19 per diem.  The remaining amount unpaid due under the terms of the Note is $5,282,310.14. The attorneys' fees ($19,099.75) and costs ($5,538.74) requested are reasonable.

Accordingly, the undersigned recommends the following,

IT IS HEREBY RECOMMENDED that Plaintiff Branch Banking and Trust Company's Application for Entry of Default Judgment (#45) is GRANTED.

IT IS FURTHER RECOMMENDED that Plaintiff Branch Banking and Trust Company is awarded attorneys' fees in the amount of $19,099.75 and costs in the amount of $5,538.74.

IT IS FURTHER RECOMMENDED that default judgment is entered against Coolidge 135, LLC in the amount of $5,282,310.14.

DATED this 16th day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE